UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60007-BLOOM/Valle

SAILBOAT BEND SOBER
LIVING, LLC, CARL BERGSTROM,
and IRYNA BERGSTROM,

    Plaintiffs,

v.

THE CITY OF FORT LAUDERDALE,
FLORIDA,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiffs' Complaint, ECF No. [11] (the "Motion"). Plaintiffs Sailboat Bend Sober Living, LLC, Carl Bergstrom and Iryna Bergstrom (collectively, "Plaintiffs") filed a response, ECF No. [20], to which Defendant the City of Fort Lauderdale ("Defendant") filed a reply, ECF No. [21]. The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's motion is denied.

    **I.**    **BACKGROUND**

Plaintiffs Iryna and Carl Bergstrom own 1110 SW 1st Street, Ft. Lauderdale, Florida, from which they operate Plaintiff Sailboat Bend Sober Living, LLC ("Sailboat Bend"). *See* ECF No. [1] ¶ 5. Sailboat Bend is a home for "recovering alcoholics and substance abusers," but not a "substance abuse treatment center, halfway house, shelter, or a community care facility." *Id.* ¶¶ 16-21. It offers no counseling or other types of substance abuse treatments to residents. *Id.*

¶ 21. Residents may live at Sailboat Bend indefinitely so long as they follow its rules, which include abstaining from alcohol and drugs. *Id.* ¶ 24.

Plaintiffs and Defendant have been involved in several code enforcement disputes over the past seven years. In 2012, Defendant cited Plaintiffs for multiple violations of Defendant's Fire Code, Life Safety Code, Unified Land Development Regulations, and Municipal Code. *Id.* ¶¶ 27-33. Plaintiffs and Defendant reached an accord regarding the citations after Plaintiffs made changes to the property and showed they had acquired all necessary permits. *Id.* ¶¶ 38-40. In 2016, Defendants again cited Plaintiffs for numerous violations of city code provisions, including for violations Plaintiffs had resolved in 2012. *Id.* ¶¶ 41-43. Defendant informed Plaintiffs "that the prior 2012 compromise . . . was invalid . . . ." *Id.* ¶ 46. To avoid "steep daily fines," Plaintiffs closed part of Sailboat Bend and reduced the number of individuals living at the property, among other measures. *Id.* ¶ 55-57. Finally, seven months after enacting Ordinance C-18-11 in 2018 ("the Ordinance"), Defendant cited Plaintiffs for violating its provisions. *Id.* ¶¶ 58-66.

As a result, Plaintiffs allege that Defendant has discriminated against Plaintiffs based on disability in violation of the Fair Housing Act as amended by 42 U.S.C. § 3601 ("FHA") and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 ("ADA"). *See id.* ¶¶ 1-15, 60, 65-82. Specifically, Plaintiffs allege Defendant's code enforcement activity discriminates against Sailboat Bend residents because of their "status . . . as recovering alcoholics and substance abusers." *Id.* ¶ 78. In the Motion, Defendant asks the Court to dismiss Plaintiffs' claim for lack of subject matter jurisdiction.[1]

---

[1] Although Defendant purports to move for dismissal under both Rules 12(b)(1) and (6), Defendant omits any discussion of dismissal on 12(b)(6) grounds. Defendant never discusses whether Plaintiff has sufficiently pled factual matter that, if accurate, would state a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the Court construes Defendant's Motion as seeking dismissal for lack of subject matter jurisdiction only, as the entire Motion discusses whether Plaintiffs' claims are moot. *See* Motion; *Troiano v. Supervisor of Elections in Palm Beach Cty., Fla.*, 382

## II. LEGAL STANDARD

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

"In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)).

---

F.3d 1276, 1281 n.3 (11th Cir. 2004) ("[I]f a case is moot, plainly we lack subject matter jurisdiction . . . ."); *c.f. Mirabal v. Metro Parking Corp.*, 16-cv-22000, 2016 WL 9455606, at *1 n.2 (S.D. Fla. Oct. 11, 2016) (construing motion mentioning Rules 12(b)(1) and (6) as seeking dismissal under only 12(b)(6) where defendants solely addressed whether Plaintiff alleged sufficient information to state a claim).

## III. DISCUSSION

As an initial matter, the Court notes that Defendant's challenge to subject matter jurisdiction is facial, rather than factual, because Defendant bases it arguments on the allegations in the Complaint. *See* Motion at 4 ("The City submits that the allegations in the Complaint do not establish subject matter jurisdiction because . . . all the past disputes between the parties are alleged to have been resolved . . . ."). Defendant argues the Court lacks subject matter jurisdiction because this case is moot.

Article III of the U.S. Constitution limits the jurisdiction of federal courts to "only actual, ongoing cases and controversies." *See Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, Ga.*, 868 F.3d 1248, 1255 (11th Cir. 2017) (quoting *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990)). "At a minimum, this requirement means that 'a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, U.S. 494 at 477). A case becomes moot upon the occurrence of an event that "makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party.'" *Id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).

Defendant contends this case is moot because the parties resolved their prior disputes "either by agreement or by withdrawal once Plaintiff demonstrated compliance," and Plaintiffs make no facial challenges to any existing municipal ordinances. In response, Plaintiffs argue that the Complaint facially challenges Ordinance C-18-11. Plaintiffs further claim that they only complied with the City's demands in order to "avoid further harsh fines, penalties, and future code enforcement actions," and note that the parties have never reached an agreement on whether Defendant's actions violated the FHA and ADA. *See* ECF No. [20] at 2-4.

Upon review, the Court concludes that the instant dispute is not moot. First, Plaintiffs specifically allege that the Ordinance contains multiple discriminatory requirements prohibited under the FHA and the ADA, and that the plain text of the Ordinance on its face is discriminatory toward those suffering from addition. *See* ECF No. [1] ¶¶ 60-61, 65. Moreover, Defendant's arguments regarding the prior agreements are mistaken. Plaintiffs' alleged FHA and ADA grievances remain unresolved, as the parties have reached no settlement addressing whether Defendant's enforcement activity violated the federal statutes. The cases Defendant cites in support of its motion do not suggest this case is moot. *See* Motion at 5. In *Londono v. City of Gainesville*, 768 F.2d 1223, 1225 (11th Cir. 1985), the plaintiff challenged the City of Gainesville's rezoning of his land as a violation of 42 U.S.C. § 1983. During the case, confusion arose as to whether the parties had reached agreement respecting the plaintiff's § 1983 claim. *See id.* at 1226-27. The district court determined that the parties had settled, and ordered the agreement enforced. *See id.* The question before the 11th Circuit was whether the district court's conclusion was correct. *See id.* at 1225-27. The case did not involve whether a challenge to a municipal ordinance is moot because the plaintiff had settled an earlier, separate compliance dispute. Similarly, the two other cases Defendant cites are off-point, as neither touches upon whether a presuit settlement agreement moots claims it did not address. *See Miller v. U.S. Sec. Assocs., Inc.*, No. 9:17-cv-80016, 2017 WL 3337066, at *4 (S.D. Fla. Aug. 4, 2017) (where parties were litigating two cases simultaneously, holding settlement agreement in other case addressed and mooted dispute before court because agreement contained a "mutual general release [that] resolved every possible claim between the parties from the beginning of time"); *In re Melo*, 558 B.R. 521 (Bankr. D. Mass. 2016).

In addition, Defendant's argument that the case is moot because Plaintiffs do not challenge any of its ordinances as facially discriminatory plainly misreads the Complaint, as Plaintiffs affirmatively allege that Ordinance C-18-11 is discriminatory on its face.  *See* Complaint, ¶ 65 ("[T]he plain text of . . . Ordinance [C-18-11], on its face, is discriminatory towards those suffering from addiction.").  As the Court is empowered to grant relief to Plaintiffs with respect to Ordinance C-18-11, the Court retains subject matter jurisdiction.  *See Flanigan's Enters.*, 868 F.3d at 1255.

Although the Complaint's facial challenge to Ordinance C-18-11 is apparent, the Court orders Plaintiff to file an amended complaint to resolve other ambiguities.  *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 n.5 (11th Cir. 1996) (a district court may sua sponte direct a plaintiff to file a more definite statement).  First, it is unclear whether Plaintiffs are making facial or as-applied challenges to the Fire Code, Life Safety Code, Unified Land Development Regulations, and Municipal Code provisions at issue in the 2012 and 2016 citations.  If Plaintiffs are challenging those ordinances, they must specify whether each challenge is facial or as-applied and name the specific provisions of each ordinance being challenged.  Second, Plaintiffs must specify which of the facial or as-applied challenges—including the Ordinance C-18-11 challenge—form the basis for each count in the Complaint.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiffs' Complaint, **ECF No. [11]**, is **DENIED**.  Nevertheless, Plaintiffs shall file an amended complaint addressing the deficiencies noted in this order, **on or before April 12, 2019**.

**DONE AND ORDERED** in Chambers, Miami, Florida, on April 3, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 19-cv-60007-BLOOM/Valle

Copies to:

Counsel of Record