ORDINANCE NO. C-18-11

AN ORDINANCE OF THE CITY OF FORT LAUDERDALE,
AMENDING THE UNIFIED LAND DEVELOPMENT
REGULATIONS (ULDR) TO REGULATE COMMUNITY
RESIDENCES AS FURTHER DEFINED HEREIN, REVISING
TABLE 1 OF SUBSECTION 47-24.1 ENTITLED
"GENERALLY", OF ARTICLE IV "DEVELOPMENT PERMITS
AND PROCEDURES" TO ADD COMMUNITY RESIDENCES
USES; CREATING NEW SUBSECTION 47-24.13
"REASONABLE ACCOMMODATION PROCEDURE" OF
ARTICLE IV "DEVELOPMENT PERMITS AND
PROCEDURES; CREATING SUBSECTION 47-24.14
"COMMUNITY RESIDENCES CONDITIONAL USE PERMIT
REQUIREMENTS", OF ARTICLE IV "DEVELOPMENT
PERMITS AND PROCEDURES"; AMENDING SECTION 47-5
"RESIDENTIAL ZONING DISTRICTS AND RESIDENTIAL
OFFICE ZONING DISTRICTS" OF ARTICLE II "ZONING
DISTRICTS ESTABLISHED" TO ADD COMMUNITY
RESIDENCES TO THE LISTS OF PERMITTED AND
CONDITIONAL USES IN RESIDENTIAL AND OFFICE
RESIDENTIAL DISTRICTS; CREATING NEW SUBSECTION
47-18.47 ENTITLED "COMMUNITY RESIDENCES" OF
ARTICLE III "DEVELOPMENT REGULATIONS" OF THE
ULDR; AMENDING SECTION 47-35.1 "DEFINITIONS", OF
ARTICLE XI "DEFINITIONS" OF THE ULDR TO MODIFY THE
DEFINITION OF "FAMILY" AND TO ADD DEFINITIONS;
PROVIDING FOR SEVERABILITY; PROVIDING FOR REPEAL
OF CONFLICTING ORDINANCE PROVISIONS; AND
PROVIDING FOR AN EFFECTIVE DATE.

WHEREAS, the City Commission of the City of Fort Lauderdale, Florida, desires to amend the City of Fort Lauderdale Unified Land Development Regulations ("ULDR"), to provide for the regulation of community residences, being those residences not licensed by the state of Florida that provide a residential environment conducive to rehabilitation for persons with disabilities; and

WHEREAS, the City of Fort Lauderdale commissioned a detailed study "Principles to Guide Zoning for Community Residences for People With Disabilities in Fort Lauderdale, Florida", dated February 13, 2018 (hereinafter, "the Study"), by a planning and law expert on zoning for community residences which analyzes the status of community residences

CODING: Words, symbols, and letters stricken are deletions; words, symbols, and letters underlined are additions.

ORDINANCE NO. C-18-11                                                    PAGE 2

in the City and the principles for regulating community residences uses based on federal and state law; and

WHEREAS, the City of Fort Lauderdale adopts the findings and conclusions of the study "Principles to Guide Zoning for Community Residences for People With Disabilities in Fort Lauderdale, Florida" and

WHEREAS, the Fair Housing Act as amended (42 U.S.C § 3601) provides protections for person with disabilities; and

WHEREAS, the legislative history of the Fair Housing Act of 1988 cautions that local zoning regulations are prohibited that result "from false or over-protective assumptions about the needs of handicapped people, as well as unfounded fear of difficulties about the problem that their tendencies may pose." H.R. Rep. No. 711, 100th Cong. 2D Session, Reprinted in 1988 U.S.C.C.A.N 2173, 2192 (1988); and

WHEREAS, the Fair Housing Act does not preempt local zoning laws or preclude the adoption, amendment or enforcement of zoning regulations as long as the zoning regulations are consistent with  state and federal laws, including the Fair Housing Act as amended; and

WHEREAS, clustering of community residences for people with disabilities on a block or in a neighborhood undermines the ability of community residences to achieve normalization and community integration for their residents, which is one of the essential purposes of a community residence for people with disabilities; and

WHEREAS, reasonable zoning regulations may be enacted to ensure that a proposed community residence will not interfere with normalization or community integration of the occupants of any nearby existing community residences, nor contribute to creating a de facto social service district that thwarts the purposes and successful functioning of community residences and results in segregation of people with disabilities; and

WHEREAS, reasonable zoning regulations may be enacted to ensure the community residences are sited in residential zoning districts consistent with federal and state law by allowing a community residence for people with disabilities as a permitted or conditional use in residential districts, subject to a rationally based spacing distance requirement and a licensing or certification requirement for the operator of the community residence; and

CODING: Words, symbols, and letters stricken are deletions; words, symbols, and letters underlined are additions.

C-18-11                                                                001427

ORDINANCE NO. C-18-11                                             PAGE 3

WHEREAS, by amending its zoning regulations the City gives prospective operators of community residences for people with disabilities clarity and certainty regarding where such homes may locate as permitted or conditional uses; and

WHEREAS, by amending its zoning regulations with requirements including rationally based distancing regulations, certification or licensing requirements, rationally based distinctions between transitional and family community residences and the numbers of residents therein, and including a reasonable accommodation process, the City makes the reasonable accommodations that the Fair Housing Act requires and preserves the ability of community residences for people with disabilities to emulate a family and achieve normalization and community integration of their residents; and

WHEREAS, the Planning and Zoning Board, acting as the local planning agency, at its properly noticed public hearing of January 17, 2018, which was continued to February 13, 2018 (PZ Case T-18001), found that the proposed text amendments are consistent with the City of Ft. Lauderdale Comprehensive Plan ("Comprehensive Plan") and recommended to the City Commission that the amendments to the ULDR are consistent with the Comprehensive Plan; and

WHEREAS, the City Commission, at a properly noticed public hearing on April 3, 2018, considered the recommendation of the Planning and Zoning Board, the report of City staff and the comments of the public and passed the proposed text amendments on first reading; and

WHEREAS, the City Commission, at a properly noticed public hearing on April 17, 2018, considered the recommendation of the Planning and Zoning Board, the report of City staff and the comments of the public and determined that it was in the interest of the general health, safety and welfare of the people of the City to adopt the text amendments;

NOW, THEREFORE, BE IT ORDAINED BY THE CITY COMMISSION OF THE CITY OF FORT LAUDERDALE, FLORIDA:

SECTION 1.    That Table 1 of subsection 47-24.1 entitled "Generally", of ARTICLE IV "DEVELOPMENT PERMITS AND PROCEDURES" of the Unified Land Development Regulations (ULDR) is amended to add community residences uses as follows, and to renumber subsequent use listings in the Table:

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

ORDINANCE NO. C-18-11                                    PAGE 4

## Sec. 47-24.1. – Generally.

### TABLE 1. DEVELOPMENT PERMITS AND PROCEDURES

| Permit | Department | Development Review Committee | Planning & Zoning Board (Local Planning Agency) | Historic Preservation Board | City Commission | Board of Adjustment | Criteria for Review |
|---|---|---|---|---|---|---|---|

. . .

| SITE PLAN—LEVEL II DEVELOPMENT REVIEW COMMITTEE | | | | | | | |
|---|---|---|---|---|---|---|---|

. . .

| 25 Community Residences a. Transitional Community Residence between 4 and 10 residents less than 1,000 foot separation in | R | R | DP | | A | | Conditional Use Permit Requirements Sec. 47-24.14 |
|---|---|---|---|---|---|---|---|

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

C-18-11                                                  001429

ORDINANCE NO. C-18-11                                                    PAGE 5

| | | | | | | |
|---|---|---|---|---|---|---|
| all Multi Family Residential Zoning Districts, or in all single family Residential Zoning Districts | | | | | | |
| b. Family Community Residence between 4 and 10 residents less than 1,000 foot separation in all Residential Zoning Districts | R | R | DP | | A | Conditional Use Permit Requirements Sec. 47-24.14 |
| c. All Community Residences with more than 10 residents in all Residential Zoning Districts/ Community | R | R | | | | Conditional Use Permit Requirements Sec. 47-24.14 by Special Magistrate Reasonable Accommodation Process Sec. 4-24.13 |

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

C-18-11                                                                 001430

ORDINANCE NO. C-18-11                                                PAGE 6

| Residence, no license or certification available, size and type requiring conditional use | | | | | | |
|---|---|---|---|---|---|---|

. . .

SECTION 2.   That new subsection 47-24.13 entitled "Reasonable Accommodation Procedures", of ARTICLE IV "DEVELOPMENT PERMITS AND PROCEDURES" of the (ULDR) is created to read as follows:

**Sec. 47-24.13.  Reasonable Accommodation Procedure.**

A. *Purpose.* The purpose of this subsection is to implement a procedure for processing requests for reasonable accommodation for housing to the City's Unified Land Development Regulations (ULDR), for persons with disabilities as provided by the federal Fair Housing Amendments Act (42 U.S.C. 3601, et. seq.) ("FHA") and Title II of the Americans with Disabilities Amendments Act (42 U.S.C. Section 12131, et. seq.) ("ADA"). For purposes of this section, a "disabled" person is an individual that qualifies as disabled or handicapped under the FHA or ADA. Any person who is disabled (or qualifying entities) may request a reasonable accommodation for housing with respect to the City's ULDR, as provided by the FHA and the ADA,  pursuant to the procedures set out in this section.

B. *Notice to the public of availability of accommodation.* The City shall display a notice on the City's public notice bulletin board (and shall maintain copies available for review in the Department of Sustainable Development and the City Clerk's Office), advising the public that disabled individuals (and qualifying entities) may request a reasonable accommodation as provided herein.

C. *Application.* A request for reasonable accommodation under this section shall be upon a written reasonable accommodation request form maintained by the City Department of Sustainable Development (Department) and submitted to the Department. The reasonable

CODING:  Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

C-18-11

001431

ORDINANCE NO. C-18-11          PAGE 7

accommodation request form shall contain such questions and requests for information as are necessary for processing the reasonable accommodation request. The reasonable accommodation request form shall be substantially in the form set forth in subsection 47-24.13.H, below.

    1.   Confidential information. Should the information provided by the disabled individual to the City include medical information or records, including records indicating the medical condition, diagnosis or medical history of the disabled individual, such individual may, at the time of submitting such medical information, request that the City, to the extent allowed by law, treat such medical information as confidential information of the disabled individual. The City shall thereafter endeavor to provide written notice to the disabled individual, or their representative, of any request received by the City for disclosure of the medical information or documentation which the disabled individual has previously requested be treated as confidential by the City. The City will cooperate with the disabled individual, to the extent allowed by law, in actions initiated by such individual to oppose the disclosure of such medical information or documentation, but the City shall have no obligation to initiate, prosecute or pursue any such action, or to incur any legal or other expenses (whether by retention of outside counsel or allocation of internal resources) in connection therewith, and may comply with any judicial order without prior notice to the disabled individual.

    2.   Fee. There shall be no fee imposed by the City in connection with a request for reasonable accommodation under this section, and the City shall have no obligation to pay a requesting party's attorney's fees or costs in connection with the request.

    3.   City assistance. The City shall provide such assistance and accommodation as is required pursuant to FHA and ADA in connection with a disabled person's request for reasonable accommodation, including, without limitation, assistance with reading application questions, responding to questions, completing the form, and appearing at a hearing, etc., to ensure the process is accessible.

  D. *Findings for reasonable accommodation.* In determining whether the reasonable accommodation request shall be granted or denied, the requesting party shall be required to establish that he/she or the residents of the housing for which this request is made are protected under the FHA or ADA by demonstrating that he/she or the residents of the proposed housing are people with disabilities, as defined by the ULDR.

CODING: Words, symbols, and letters stricken are deletions; words, symbols, and letters underlined are additions.

ORDINANCE NO. C-18-11                                        PAGE 8

1.  The requesting party shall demonstrate that the proposed reasonable accommodations sought are reasonable and necessary to afford the subject individual(s) with disabilities an equal opportunity to use and enjoy the housing that is the subject of the request.  The following factors shall be considered, among other relevant factors including judicial interpretation of disability law:

   a.  The disabled individuals shall establish that they are handicapped or disabled, as defined in the FHA or ADA, and therefore entitled to protection under the FHA or ADA, such that they have a physical or mental impairment which substantially limits one or more major life activities; or that they have a record of having such impairment, or that they are regarded as having such impairment.

   b.  If a request for reasonable accommodation is submitted by an operator of a residence that provides housing to disabled individuals, the operator shall be required to establish that the operator is qualified to provide such housing to disabled individuals.

   c.  The requesting party shall demonstrate that the requested accommodation is both reasonable and necessary (as interpreted by the courts) to afford the disabled individuals served by the housing an equal opportunity to use and enjoy the housing, including that the proposed accommodation is therapeutically necessary and actually alleviates the effects of a handicap or disability, with a site-specific assessment in regard to the particular property in that regard.

   d.  The requesting party shall demonstrate that the proposed accommodation does not constitute a fundamental alteration of the City's zoning scheme or other City program or policies, and that it does not impose an undue financial or administrative burden on the City.

2.  A request for reasonable accommodation to permit more than ten (10) unrelated individuals to occupy a community residence shall be granted only when the requesting party also meets the conditional use standards for community residences in subsection 47-24.14.C of the ULDR. In this case, the process will involve the Special Magistrate and not the Planning and Zoning Board or the City Commission.

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters underlined are additions.

3.  A request for reasonable accommodation to permit a community residence for more than three disabled individuals for which there is no license or certification available shall also meet the standards for the similar proposed size and type of community resident in subsection 47-24.14.B or C, as applicable.  In this case, the process will involve the Special Magistrate and not the Planning and Zoning Board or the City Commission.  In addition, the applicant must demonstrate that the proposed community residence will be operated in a manner effectively similar to that of a licensed or certified community residence, that the staff will be adequately trained, that the home will emulate a biological family and be operated to achieve normalization and community integration, and that the rules and practices governing how the home is operated will actually protect residents from abuse, exploitation, fraud, theft, insufficient support, use of illegal drugs or alcohol, and misuse of prescription medications.

4.  The foregoing shall be the basis for a written decision with findings of fact upon a reasonable accommodation request made by to the Special Magistrate.

E.  *Special Magistrate review and decision.* The City shall appoint a Special Magistrate to hear and act on requests for reasonable accommodation. The Magistrate shall be a member in good standing with the Florida Bar and have experience in land use or disability law. When a reasonable accommodation request form has been completed and submitted to the Department of Sustainable Development, it will be referred to the Special Magistrate for review and consideration. The Special Magistrate shall conduct a noticed public hearing, in accordance with sections 47-27.3 and 47-27.4, to receive input and information from the public.  The Special Magistrate shall thereafter issue a written determination within thirty (30) calendar days of the date of receipt of a completed application and may, in accordance with federal law, (1) grant the accommodation request, (2) grant a portion of the request and deny a portion of the request, or impose conditions upon the grant of the request, or (3) deny the request, in accordance with federal law. Any such denials shall be in writing and shall state the grounds therefore. All written determinations shall give notice of the right to appeal. The notice of determination shall be sent to the requesting party (i.e. the disabled individual or his/her representative) by certified mail, return receipt requested or hand delivery, receipt signed by the recipient. If reasonably necessary to reach a determination on the request for reasonable accommodation, the Special Magistrate may, prior to the end of said thirty (30) calendar day period, request additional information from the requesting party, specifying in sufficient detail what information is required. The requesting party shall have fifteen (15) calendar days after the date of the request for additional information to provide the requested information. In the event a request for additional information is made, the forty five (45) calendar day period to

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

C-18-11                                                                                          001434

ORDINANCE NO. C-18-11                                          PAGE 10

issue a written determination shall no longer be applicable, and the Special Magistrate shall issue a written determination within thirty (30) calendar days after receipt of the additional information. If the requesting party fails to provide the requested additional information within said fifteen (15) calendar day period, the Special Magistrate shall issue a written notice advising that the requesting party had failed to timely submit the additional information and therefore the request for reasonable accommodation shall be deemed abandoned or withdrawn and no further action by the City with regard to said reasonable accommodation request shall be required.

F. *Appeal.* An appeal from a decision of the Special Magistrate shall be handled exclusively by petition for writ of certiorari within thirty (30) days from the date of filing the written order of the Special Magistrate with the City Clerk.

G. *Stay of enforcement.* While a request for reasonable accommodation for a community residence, or appeal of a determination of same, is pending before the City, the City will not enforce the subject zoning ordinance, rules, policies, and procedures against the requesting or appealing party.

H.  *Request form for reasonable accommodation.*

1.  Contents of reasonable accommodation request form:

a.   Name and contact information of the Applicant;

b. Information regarding property at which reasonable accommodation is requested, including the address and legal description of such location as well as ownership of the subject property;

c. Describe the accommodation and the specific regulation(s) or procedure(s) from which accommodation is sought;

d. Reasons the accommodation may be necessary for the requesting party or the individuals with disabilities seeking the specific accommodation, and if relating to housing, why the requested reasonable accommodation is necessary to use and enjoy the housing;

e. Describe qualifying disability or handicap;

CODING:  Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

ORDINANCE NO. C-18-11                                                    PAGE 11

f. Other relevant information pertaining to the disability or property that may be needed by the City in order for it to be able to evaluate the request for reasonable accommodation;

g. All certified recovery residences must provide proof of satisfactory, fire, safety, and health inspections as required by Section 397.487, Fla. Stats., as amended from time to time;

h. Signature of requesting party;

i. If there will be an on-site supervisor or manager, provide the name and contact information (phone and email) for each;

j. Date of request;

k. Owner's consent for application.

2. A requesting party who seeks a reasonable accommodation to house more than ten unrelated individuals in a community residence as provided in subsection 47-24.15 shall also complete and submit the form the City requires of all applications to establish a community residence.

I. *Expiration of approvals*. Approvals of requests for reasonable accommodation shall expire within one hundred and eighty (180) days if not implemented.

J. *Recertification*. All reasonable accommodation requests approved by the Special Magistrate and implemented by the requesting party in paragraph H, "Requests for Accommodation", are valid for no more than one (1) year and shall require annual recertification each year on or before April 1st. Failure to recertify annually shall result in the revocation of the approved reasonable accommodation. Recertification requests shall follow the same requirements and procedures as in paragraph H, "Requests for Accommodation", and review of recertification requests shall follow the same procedures as outlined in paragraph E, "Notice of Proposed Decision", with the same appellate opportunities afforded to the requesting party as provided under paragraph F, "Appeal" except the recertification notice will be sent annually by regular mail or hand delivered.

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

C-18-11                                                                    001436

ORDINANCE NO. C-18-11                                              PAGE 12

SECTION 3.    That new subsection 47-24.14 entitled "Community Residences Conditional Use Permit Requirements", of ARTICLE IV "DEVELOPMENT PERMITS AND PROCEDURES" of the ULDR is created to read as follows:

**Sec. 47-24.14.  Community Residences Conditional Use Permit Requirements.**

A. *Conditional Use Permit for Community Residences.*  In conjunction with section 47-24.3 of the ULDR, the purpose of this section is to provide narrowly-tailored standards for determining whether to granting a conditional use permit as a form of reasonable accommodation to ensure that the community residences required to obtain a conditional use permit will:

    1. Be located a sufficient distance from any existing community residences so that the proposed community residence does not lessen nor interfere with the normalization and community integration of the residents of existing community residences or combine with any existing community residences to contribute to the creation or intensification of a de facto social service district,

    2. Operate as a functional family (also known as emulating a biological family) that fosters normalization and community integration of its residents, and

    3. Operate in a manner consistent with the protections afforded by the State of Florida's licensing or certification standards for community residences serving individuals with disabilities similar to those of the proposed community residence in order to protect the residents of the proposed community residence from abuse, exploitation, fraud, theft, insufficient support, use of illegal drugs or alcohol, and misuse of prescription medications.

  B. *Standards for Awarding a Conditional Use Permit for Family Community Residence and Transitional Community Residence of four (4) to ten (10) residents.*  A conditional use permit may be issued only if the proposed family community residence or proposed transitional community residence meets the following standards, in addition to the conditional use standards of section 47-24.3:

    1. When the proposed family community residence or a transitional community residence is required to obtain a conditional use permit because it would be located within one thousand (1000) linear feet of an existing community residence,

CODING:  Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

ORDINANCE NO. C-18-11                                   PAGE 13

      a. The applicant demonstrates that the proposed community residence will not interfere with the normalization and community integration of the residents of any existing community residence and that the presence of other community residences will not interfere with the normalization and community integration of the residents of the proposed community residence, and

      b. The applicant demonstrates that the proposed community residence in combination with any existing community residences will not alter the residential character of the surrounding neighborhood by creating an institutional atmosphere or by creating or intensifying a de facto social service district by concentrating community residences on a block or in a neighborhood.

  2. When the proposed transitional community residence is a conditional use in a single family zoning district,
      a. The applicant demonstrates that the proposed transitional community residence will not interfere with the normalization and community integration of the residents of any existing community residence and that the presence of other community residences will not interfere with the normalization and community integration of the residents of the proposed community residence, and

      b. The applicant demonstrates that the proposed transitional community residence in combination with any existing community residences will not alter the residential character of the surrounding neighborhood by creating an institutional atmosphere or by creating or intensifying a de facto social service district by concentrating community residences on a block or in a neighborhood, and

      c. The applicant demonstrates that the proposed transitional community residence will be compatible with the residential uses allowed as of right in the zoning district, and

      d. The applicant demonstrates that the proposed transitional community residence will not alter the residential stability of the single-family zoning district.

   *C. Standards for Awarding a Reasonable Accommodation/conditional use for Community Residence with more than ten (10) residents.* To establish a community residence for more than ten (10) individuals with disabilities, the applicant shall submit a Request for Reasonable Accommodation in accordance with the procedures of section 47-24.13 of these ULDRs. In all cases the Special Magistrate shall make findings of fact in support of all determinations and

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters underlined are additions.

ORDINANCE NO. C-18-11                                                    PAGE 14

shall render the decision in writing. To grant a Reasonable Accommodation to allow more than ten (10) occupants in a community residence, the Special Magistrate shall affirmatively find compliance with the conditional use standards of section 47-24.3 of the ULDR, the reasonable accommodation standards promulgated in section 47-24.13 of the ULDR, and the following:

1. The applicant specifies by how many individuals it wishes to exceed the maximum of ten (10) residents and adequately demonstrates the financial or therapeutic need to house the proposed number of residents, and

2. The applicant demonstrates that the primary function of the proposed community residence is residential where any treatment is merely incidental to the residential use of the property, and

3. The applicant demonstrates that it will ensure that the proposed community residence emulates a biological family and operates as a functional family rather than as an institution, boarding house, nursing home, short term vacation rental, continuing care facility, motel, hotel, treatment center, rehabilitation center, or a nonresidential use, and

4. The applicant demonstrates that the requested number of residents in the proposed community residence will not interfere with the normalization and community integration of the occupants of any existing community residence.

D. *Community Residence for which the State of Florida does not offer a license or certification.* To establish a community residence of more than three (3) persons for which the State of Florida does not offer a license or certification, the applicant must meet the standards for the similar proposed size and type of community residence in 47-24.14.B or C, as applicable, in addition to the reasonable accommodation standards promulgated in section 47-24.13 of the ULDR. The Special Magistrate shall make findings of fact in support of all determinations and shall render the decision in writing.

E. *Fees.* The fee for consideration of a conditional use permit under this section shall be $300, as this type of conditional use is a form of reasonable accommodation and therefore the City fees for conditional use review are not applicable.

F. *Termination of Conditional Use Permit.* A community residence or its operator that loses its license or certification must cease operations and vacate the property within 60 days of the date on which its licensing or certification was discontinued or the date required by state law,

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters underlined are additions.

C-18-11                                                                  001439

ORDINANCE NO. C-18-11                                              PAGE 15

whichever is less.

SECTION 4.    That section 47-5 entitled "Residential Zoning Districts and Residential Office Zoning Districts" of ARTICLE II "ZONING DISTRICTS ESTABLISHED" of the ULDR is amended to add Community Residences uses to the lists of permitted and conditional uses in subsections 47-5.10 through 47-5.21 as follows:

. . .

**Sec. 47-5.10. - List of permitted and conditional uses, RS-4.4 Residential Single Family/Low Density District.**

District Categories—Residential Dwellings, Public Purpose Facilities, Child Day Care Facilities, and Accessory Uses, Buildings and Structures.

| A. | PERMITTED USES | B. | CONDITIONAL USES: See Section 47-24.3. |
|---|---|---|---|
| 1. | *Residential Dwellings* | | |
| a. | One (1) Single Family Dwelling, Standard. | | |
| b. | Community Residence, 3 residents maximum. See Sec. 47-18.47. | | |
| c. | Family Community Residence, 4 to 10 residents; 1000' distance separation. See Sec. 47-18.47. | Family Community Residence, less than 1000' distance separation.  See Sec. 47-18.47. | |
| d. | | Transitional Community Residence, more than 4 residents /Family Community Residence, more than 10 residents/Community Residence, no license or certification available. See Sec. 47-18.47 | |

. . .

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

C-18-11

ORDINANCE NO. C-18-11                                   PAGE 16

**Sec. 47-5.11. - List of permitted and conditional uses, RS-8 and RS-8A Residential Single Family/Low Medium Density District.**

District Categories—Residential Dwellings, Public Purpose Facilities, Child Day Care Facilities, and Accessory Uses, Buildings and Structures.

| A. | PERMITTED USES | B. | CONDITIONAL USES: See Section 47-24.3. |
|---|---|---|---|
| 1. | *Residential Dwellings* | | |
| a. | One (1) Single Family Dwelling, Standard. | | |
| b. | <u>Community Residence, 3 residents maximum. See Sec. 47-18.47.</u> | | |
| c. | <u>Family Community Residence, 4 to 10 residents; 1000' distance separation. See Sec. 47-18.47.</u> | <u>Family Community Residence, less than 1000' distance separation.  See Sec. 47-18.47.</u> | |
| d. | | <u>Transitional Community Residence, more than 4 residents /Family Community Residence, more than 10 residents/Community Residence, no license or certification available. See Sec. 47-18.47.</u> | |

. . .

**Sec. 47-5.12. - List of permitted and conditional uses, RD-15 Residential Single Family/Duplex/Low Medium Density District.**

District Categories—Residential Dwellings, Public Purpose Facilities, Child Day Care Facilities, and Accessory Uses, Buildings and Structures.

| A. | PERMITTED USES | B. | CONDITIONAL USES: See Section 47-24.3. |
|---|---|---|---|
| 1. | *Residential Dwellings* | | |
| a. | One (1) Single Family | | |

CODING:  Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

ORDINANCE NO. C-18-11                                    PAGE 17

|   | | |
|---|---|---|
|   | Dwelling, Standard. | |
| b. | Cluster Dwellings, see Section 47-18.9 | |
| c. | Two Family/Duplex Dwellings | |
| d. | Zero-lot-line Dwelling, see Section 47-18.38 | |
| e. | Community Residence, 3 residents maximum. See Sec. 47-18.47. | |
| f. | Family Community Residence, 4 to 10 residents; 1000' distance separation. See Sec. 47-18.47. | Family Community Residence, less than 1000' distance separation.  See Sec. 47-18.47. |
| g. | | Transitional Community Residence, more than 4 residents /Family Community Residence, more than 10 residents/Community Residence, no license or certification available. See Sec. 47-18.47. |

. . .

**Sec. 47-5.13. - List of permitted and conditional uses, RDs-15 Residential Single Family/Duplex/Low Medium Density District.**

District Categories—Residential Dwellings, Public Purpose Facilities, Child Day Care Facilities, and Accessory Uses, Buildings, and Structures.

| A. | PERMITTED USES | B. | CONDITIONAL USES: See Section 47-24.3. |
|---|---|---|---|
| 1. | *Residential Dwellings* | | |
| a. | One (1) Single Family Dwelling, Standard. | | |
| b. | Existing Cluster Dwellings, see Section 47-18.9 & 47-18.39 | | |

CODING:  Words, symbols, and letters stricken are deletions; words, symbols, and letters underlined are additions.

ORDINANCE NO. C-18-11                                            PAGE 18

| | | |
|---|---|---|
| c. | Existing Two Family/Duplex Dwelling, see Section 47-18.39 | |
| d. | Existing Zero-lot-line Dwelling, see Section 47-18.38 & 47-18.39 | |
| e. | Community Residence, 3 residents maximum. See Sec. 47-18.47. | |
| f. | Family Community Residence, 4 to 10 residents; 1000' distance separation. See Sec. 47-18.47. | Family Community Residence, less than 1000' distance separation.  See Sec. 47-18.47. |
| g. | | Transitional Community Residence, more than 4 residents /Family Community Residence, more than 10 residents/Community Residence, no license or certification available. See Sec. 47-18.47. |

. . .

**Sec. 47-5.14. - List of permitted and conditional uses, RC-15 Residential Single Family/Cluster Dwellings/Low Medium Density District.**

District Categories—Residential Dwellings, Public Purpose Facilities, Child Day Care Facilities, and Accessory Uses, Buildings and Structures.

| A. | PERMITTED USES | B. | CONDITIONAL USES: See Section 47-24.3. |
|---|---|---|---|
| 1. | *Residential Dwellings* | | |
| a. | One (1) Single Family Dwelling, Standard. | | |
| b. | Cluster Dwellings, see Section 47-18.9 | | |

CODING:  Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

C-18-11

ORDINANCE NO. C-18-11                                                    PAGE 19

| | | | |
|---|---|---|---|
| c. | Zero-lot-line Dwelling, see Section 47-18.38 | | |
| d. | Two Family/Duplex Dwellings. | | |
| e. | Townhouses, see Section 47-18.33. | | |
| f. | Existing Dwelling Units, see Section 47-18.39. | | |
| g. | <u>Community Residence, 3 residents maximum. See Sec. 47-18.47.</u> | | |
| h. | <u>Family Community Residence, 4 to 10 residents; 1000' distance separation. See Sec. 47-18.47.</u> | <u>Family Community Residence, less than 1000' distance separation.  See Sec. 47-18.47.</u> | |
| i. | | <u>Transitional Community Residence, more than 4 residents /Family Community Residence, more than 10 residents/Community Residence, no license or certification available. See Sec. 47-18.47.</u> | |

. . .

**Sec. 47-5.15. - List of permitted and conditional uses, RCs-15 Residential Single Family/Medium Density District.**

District Categories—Residential Dwellings, Public Purpose Facilities, Child Day Care Facilities, and Accessory Uses, Buildings, and Structures.

| | A. | *PERMITTED USES* | B. | *CONDITIONAL USES:* See Section 47-24.3. |
|---|---|---|---|---|
| 1. | | *Residential Dwellings* | | |
| a. | | One (1) Single Family Dwelling, Standard. | | |

CODING:  Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

ORDINANCE NO. C-18-11                                            PAGE 20

| | | |
|---|---|---|
| b. | Existing Cluster Dwellings, see Section 47-18.9 & 47-18.39 | |
| c. | Existing Two Family/Duplex Dwellings, see Section 47-18.39 | |
| d. | Existing Zero-lot-line Dwellings, see Section 47-18.38 & 47-18.39 | |
| e. | Existing Townhouses, see Section 47-18.33 & 47-18.39. | |
| f. | Existing Stacked Dwelling, see Section 47-18.39. | |
| g. | Community Residence, 3 residents maximum. See Sec. 47-18.47 | |
| h. | Family Community Residence, 4 to 10 residents; 1000' distance separation. See Sec. 47-18.47. | Family Community Residence, less than 1000' distance separation.  See Sec. 47-18.47. |
| i. | | Transitional Community Residence, more than 4 residents /Family Community Residence, more than 10 residents/Community Residence, no license or certification available. See Section 47-18.47. |

. . .

**Sec. 47-5.16. - List of permitted and conditional uses, RM-15 Residential Low Rise Multifamily/Medium Density District.**

District Categories—Residential Dwellings, Lodging, Mixed Use Development, Public Purpose Facilities, Child Day Care Facilities, and Accessory Uses, Buildings and

CODING:  Words, symbols, and letters stricken are deletions; words, symbols, and letters underlined are additions.

ORDINANCE NO. C-18-11                                         PAGE 21

Structures.

| A. | PERMITTED USES | B. | CONDITIONAL USES:<br>See Section 47-24.3. |
|---|---|---|---|
| 1. | *Residential Dwellings* | | |
| a. | One (1) Single Family Dwelling, Standard. | | |
| b. | Cluster Dwellings, see Section 47-18.9. | | |
| c. | Zero-lot-line Dwelling, see Section 47-18.38. | | |
| d. | Two Family/Duplex Dwellings. | | |
| e. | Townhouses, see Section 47-18.33. | | |
| <u>f.</u> | <u>Community Residence, 3 residents maximum. See Sec. 47-18.47.</u> | | |
| <u>g.</u> | <u>Community Residence 4 to 10 residents; 1000' distance separation. See Sec. 47-18.47.</u> | | <u>Community Residence, 4 to 10 residents, less than 1000' distance separation. See Sec. 47-18.47.</u> |
| <s>f</s><u>h.</u> | Multifamily Dwelling | | <u>Community Residence, more than 10 residents/Community Residence, no license or certification available. See Sec. 47-18.47.</u> |

. . .

## Sec. 47-5.17. - List of permitted and conditional uses, RMs-15 Residential Low Rise Multifamily/Medium Density District.

District Categories—Residential Dwellings, Lodging, Mixed Use Development, Public Purpose Facilities, Child Day Care Facilities, and Accessory Uses, Buildings and Structures.

| A. | PERMITTED USES | B. | CONDITIONAL USES:<br>See Section 47- |
|---|---|---|---|

CODING: Words, symbols, and letters <s>stricken</s> are deletions; words, symbols, and letters <u>underlined</u> are additions.

ORDINANCE NO. C-18-11 PAGE 22

| | | | 24.3. |
|---|---|---|---|
| 1. | *Residential Dwellings* | | |
| a. | One (1) Single Family Dwelling, Standard. | | |
| b. | Existing Cluster Dwellings, see Section 47-18.9 & 47-18.39. | | |
| c. | Existing Zero-lot-line Dwelling, see Section 47-18.38 and 47-18.39. | | |
| d. | Existing Two Family/Duplex Dwellings, see Section 47-18.39. | | |
| e. | Existing Townhouses, see Section 47-18.33 & 47-18.39. | | |
| f. | Existing Coach Home, see Section 47-18.10 & 47-18.39. | | |
| g. | Community Residence, 3 residents maximum. See Sec. 47-18.47. | | |
| h. | Community Residence, 4 to 10 residents; 1000' distance separation. See Sec. 47-18.47. | Community Residence, 4 to 10 residents, less than 1000' distance separation. See Sec. 47-18.47. | |
| g̶.i. | Existing Multifamily Dwelling, see Section 47-18.39. | Community Residence, more than 10 residents/Community Residence, no license or certification available. See Sec. 47-18.47. | |

. . .

## Sec. 47-5.18. - List of permitted and conditional uses, RML-25 Residential Low Rise Multifamily/Medium High Density District.

District Categories—Residential Dwellings, Lodging, Mixed Use Development, Public Purpose Facilities, Child Day Care Facilities, and Accessory Uses, Buildings and

CODING: Words, symbols, and letters stricken are deletions; words, symbols, and letters underlined are additions.

001447

ORDINANCE NO. C-18-11                                              PAGE 23

Structures.

| A. | PERMITTED USES | B. | CONDITIONAL USES: See Section 47-24.3. |
|---|---|---|---|
| 1. | *Residential Dwellings* | | |
| a. | One (1) Single Family Dwelling, Standard. | | |
| b. | Cluster Dwellings, see Section 47-18.9. | | |
| c. | Zero-lot-line Dwelling, see Section 47-18.38. | | |
| d. | Two Family/Duplex Dwellings. | | |
| e. | Townhouses, see Section 47-18.33. | | |
| f. | Coach Home, see Section 47-18.10. | | |
| g. | <u>Community Residence, 3 residents maximum. See Sec. 47-18.47.</u> | | |
| h. | <u>Community Residence, 4 to 10 residents; 1000' distance separation. See Sec. 47-18.47.</u> | | <u>Community Residence, 4 to 10 residents, less than 1000' distance separation. See Sec. 47-18.47.</u> |
| ~~g~~i. | Existing Multifamily Dwelling, see Section 47-18.39. | | <u>Community Residence, more than 10 residents/Community Residence, no license or certification available. See Sec. 47-18.47.</u> |

. . .

**Sec. 47-5.19. - List of permitted and conditional uses, RMM-25 Residential Mid Rise Multifamily/Medium High Density District.**

District Categories—Residential Dwellings, Lodging, Mixed Use Development, Public Purpose Facilities, Child Day Care Facilities, Nursing Home Facilities, and Accessory Uses, Buildings and Structures.

| A. | PERMITTED USES | B. | CONDITIONAL USES: See Section 47-24.3. |
|---|---|---|---|

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

ORDINANCE NO. C-18-11                                                    PAGE 24

| 1. | *Residential Dwellings* | | |
|----|---|---|---|
| a. | One (1) Single Family Dwelling, Standard. | | |
| b. | Cluster Dwellings, see Section 47-18.9. | | |
| c. | Zero-lot-line Dwelling, see Section 47-18.38. | | |
| d. | Two Family/Duplex Dwellings. | | |
| e. | Townhouses, see Section 47-18.33. | | |
| f. | Coach Home, see Section 47-18.10. | | |
| g. | <u>Community Residence, 3 residents maximum. See Sec. 47-18.47.</u> | | |
| h. | <u>Community Residence, 4 to 10 residents; 1000' distance separation. See Sec. 47-18.47.</u> | <u>Community Residence, 4 to 10 residents, less than 1000' distance separation. See Sec. 47-18.47.</u> | |
| g̶i. | Existing Multifamily Dwelling, see Section 47-18.39. | <u>Community Residence, more than 10 residents/Community Residence, no license or certification available. See Sec. 47-18.47.</u> | |

. . .

**Sec. 47-5.20. - List of permitted and conditional uses, RMH-25 Residential High Rise Multifamily/Medium High Density District.**

District Categories—Residential Dwellings, Lodging, Mixed Use Development, Public Purpose Facilities, Child Day Care Facilities, Nursing Home Facilities, and Accessory Uses, Buildings and Structures.

| A. | *PERMITTED USES* | B. | *CONDITIONAL USES:* See Section 47-24.3. |
|----|---|----|---|
| 1. | *Residential Dwellings* | | |
| a. | One (1) Single Family Dwelling, | | |

CODING:  Words, symbols, and letters s̶t̶r̶i̶c̶k̶e̶n̶ are deletions; words, symbols, and letters <u>underlined</u> are additions.

C-18-11                                                                      001449

ORDINANCE NO. C-18-11                                          PAGE 25

|   | | |
|---|---|---|
|   | Standard. | |
| b. | Cluster Dwellings, see Section 47-18.9. | |
| c. | Zero-lot-line Dwelling, see Section 47-18.38. | |
| d. | Two Family/Duplex Dwellings. | |
| e. | Townhouses, see Section 47-18.33. | |
| f. | Coach Home, see Section 47-18.10. | |
| g. | Community Residence, 3 residents maximum. See Sec. 47-18.47. | |
| h. | Community Residence, 4 to 10 residents; 1000' distance separation. See Sec. 47-18.47. | Community Residence, 4 to 10 residents, less than 1000' distance separation. See Sec. 47-18.47. |
| gi. | Existing Multifamily Dwelling, see Section 47-18.39. | Community Residence, more than 10 residents/Community Residence, no license or certification available. See Sec. 47-18.47. |

. . .

## Sec. 47-5.21. - List of permitted and conditional uses, RMH-60 Residential High Rise Multifamily/High Density District.

District Categories—Residential Dwellings, Lodging, Mixed Use Development. Public Purpose Facilities, Child Day Care Facilities, Nursing Homes, and Accessory Uses, Buildings and Structures.

| A. | PERMITTED USES | B. | CONDITIONAL USES: See Section 47-24.3. |
|---|---|---|---|
| 1. | Residential Dwellings | | |
| a. | One (1) Single Family Dwelling, Standard. | | |
| b. | Cluster Dwellings, see Section 47- | | |

CODING: Words, symbols, and letters stricken are deletions; words, symbols, and letters underlined are additions.

ORDINANCE NO. C-18-11                                    PAGE 26

| | | |
|---|---|---|
| | 18.9. | |
| c. | Zero-lot-line Dwelling, see Section 47-18.38. | |
| d. | Two Family/Duplex Dwellings. | |
| e. | Townhouses, see Section 47-18.33. | |
| f. | Rowhouse, see Section 47-18.28 | |
| g | Coach Home, see Section 47-18.10. | |
| h. | Community Residence, 3 residents maximum. See Sec. 47-18.47. | |
| i. | Community Residence, 4 to 10 residents; 1000' distance separation. See Sec. 47-18.47. | Community Residence, 4 to 10 residents, less than 1000' distance separation. See Sec. 47-18.47 |
| h̶i. | Multifamily Dwelling. | Community Residence, more than 10 residents. See Sec. 47-4-18.47/Community Residence, no license or certification available. |

SECTION 5.    That new subsection 47-18.47 entitled "Community Residences" of ARTICLE III "DEVELOPMENT REGULATIONS" of the ULDR is created to read as follows:

**Sec. 47-18.47 - Community Residences**

A.  *Applicability.*  All community residences of more than three (3) unrelated persons with disabilities, whether Family Community Residences or Transitional Community Residences, as defined in section 47-35.1, prior to occupancy or construction must register the with the Department of Sustainable Development, using a form provided by the department, in order that the department may determine whether the proposed community residence is a permitted use or requires a conditional use permit, to determine the maximum number of occupants allowed under city code provisions that apply to all residential uses, and to identify whether any further accommodation is needed in accordance with section 47-24.13, "Reasonable Accommodation Procedures" of the ULDR. Legal nonconforming community residences existing at the date of the adoption of this subsection shall be allowed to continue without regard to distance limitations and without the necessity to obtain a conditional use permit, but must shall have sixty (60) days to register and obtain certification.  Legal nonconforming community residence use and structures shall be subject thereafter to the nonconformity provisions of these ULDRs.

CODING: Words, symbols, and letters s̶t̶r̶i̶c̶k̶e̶n̶ are deletions; words, symbols, and letters underlined are additions.

C-18-11                                                          001451

ORDINANCE NO. C-18-11                                          PAGE 27

B. *Generally.*   Community residences may locate in residential zoning districts as a permitted use, or with a Conditional Use Permit, or with a reasonable accommodation approval, in accordance with the following and in compliance with these ULDRs.   All community residences of more than three (3) unrelated persons shall be required to be licensed as a community residence by a state of Florida licensing agency or certified by a Florida credentialing agency authorized under Section 397.487, Florida Statutes, unless they are recognized or sanctioned by Congress.   If the State of Florida does not offer a license or certification for the proposed kind of community residence and the population it would serve, the applicant must obtain a reasonable accommodation approval pursuant to the standards of section 47-24.13.

C. *Approvals.*

1. Community residences of three (3) or fewer residents are considered a family as defined in the ULDR and are allowed as of right wherever a family can be housed.

2. Community residences with more than ten (10) residents require a reasonable accommodation approval pursuant to the standards of section 47-24.13.

3. Family Community Residences and Transitional Community Residences are permitted based on distance separation as follows:

a.  Family Community Residence:

(1) Family community residences with between four (4) and ten (10) residents and located less than one thousand (1,000) feet from a community residence, or from a community residential home as defined by Section 419.001(1)(a), Florida Statutes, when measured from the closest point of the property line of the proposed community residence to the closest point of the property line of the nearest existing community residence or community residential home, may be permitted within all residential zoning districts subject to conditional use requirements.

(2) Family community residences with between four (4) and ten (10) residents and located at least one thousand (1,000) feet from a community residence, or from a community residential home as defined by Section 419.001(1)(a), Florida Statutes, when measured from the closest point of the property line of the proposed community residence to the closest point of the property line of the nearest existing community residence or community residential home, are

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

ORDINANCE NO. C-18-11                                          PAGE 28

        permitted in any residential zoning district.

   b.  Transitional Community Residence:

      (1) Transitional community residences with between four (4) and (10) residents located at least one thousand (1,000) feet from a community residence, or from a community residential home as defined by Section 419.001(1)(a), Florida Statutes, when measured from the closest point of the property line of the proposed community residence to the closest point of the property line of the nearest existing community residence or community residential home, may be permitted within single family residential zoning districts subject to conditional use requirements.

      (2) Transitional community residences with between four (4) and ten (10) residents located less than one thousand (1,000) feet from a community residence, or from a community residential home as defined by Section 419.001(1)(a), Florida Statutes, when measured from the closest point of the property line of the proposed community residence to the closest point of the property line of the nearest existing community residence or community residential home, may be permitted within all residential zoning districts subject to conditional use requirements.

      (3) Transitional community residences with between four (4) and ten (10) residents and located at least one thousand (1,000) feet from a community residence, or from a community residential home as defined by Section 419.001(1)(a), Florida Statutes, when measured from the closest point of the property line of the proposed community residence to the closest point of the property line of the nearest existing community residence or community residential home, are permitted in all multifamily zoned property.

SECTION 6.     That section 47-35.1 entitled "Definitions", of ARTICLE XI "DEFINITIONS" of the ULDR is amended to modify the definition of "Family" and to add definitions as follows:

. . .

    *Community residence.* Except as required by state law, a community residence is a residential living arrangement for unrelated individuals with disabilities living as a single functional family in a single dwelling unit who are in need of the mutual support furnished by

CODING: Words, symbols, and letters stricken are deletions; words, symbols, and letters underlined are additions.

C-18-11                                                        001453

ORDINANCE NO. C-18-11                                              PAGE 29

other residents of the community residence as well as the support services, if any, provided by the staff of the community residence. Residents may be self-governing or supervised by a sponsoring entity or its staff, which provides habilitative or rehabilitative services, related to the residents' disabilities. A community residence seeks to emulate a biological family to normalize its residents and integrate them into the surrounding community. Its primary purpose is to provide shelter in a family-like environment; treatment is incidental as in any home. Supportive inter-relationships between residents are an essential component. A community residence may be either a Family community residence or a Transitional community residence.

A community residence shall be considered a residential use of property for purposes of all zoning, building, and property maintenance codes. The term does not include any other group living arrangement for unrelated individuals who are not disabled nor residential facilities for prison pre-parolees or sex offenders. Community residences do not include community residential homes that are defined in section 419.001(1)(a), Florida Statutes and licensed by the Florida Agency for Persons with Disabilities, the Florida Department of Elderly Affairs, the Florida Agency for Health Care Administration, and the Florida Department of Children and Families.  They do include functional family sober living arrangements also known as recovery residences certified by the state of Florida's designated credentialing entity established under Section 397.487 of the Florida Statutes.

. . .

*Disability.* A physical or mental impairment that substantially limits one or more of an individual's major life activities, impairs an individual's ability to live independently, having a record of such an impairment, or being regarded as having such an impairment. People with disabilities do not include individuals who are currently using alcohol, illegal drugs, or using legal drugs to which they are addicted, or individuals who constitute a direct threat to the health and safety of others.

. . .

*Family.* One (1) or more persons living together and interrelated by bonds of consanguinity, marriage or legal adoption, or a group of persons up to three (3) in number who are not so interrelated, occupying the whole or part of a dwelling as a single housekeeping unit, supplied with a kitchen or facilities for doing their own cooking on the premises, and who share common living facilities. Any person under the age of 18 years whose legal custody has been awarded to the State Department of Health and Rehabilitative Services or to a child-placing agency licensed by the Department, or who is otherwise considered to be a foster child under

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters underlined are additions.

001454

ORDINANCE NO. C-18-11                                     PAGE 30

the laws of the state, and who is placed in foster care with a family, shall be deemed to be related to and a member of the family for the purposes of this definition. A family does not include residents of any nursing home; club; boarding or lodging house; dormitory; fraternity; sorority; or group of individuals whose association is seasonal or similar in nature to a resort, motel, hotel, boarding or lodging house.

. . .

*Family Community Residence*. A family community residence is a type of community residence that is a relatively permanent living arrangement for more than three (3) unrelated people with disabilities with no limit on how long a resident may live in the home. The length of tenancy is measured in years. Oxford House is an example of a family community residence. A family community residence may be certified as a recovery residence by the state of Florida's designated credentialing entity established under Section 397.487 of the Florida Statutes, but does not include a community residential home as defined under section 419.001(1)(a), Florida Statutes and licensed by the State of Florida.

. . .

*Oxford House.* A self-governed community residence for people in recovery that is part of Oxford House, Inc. An Oxford House places no time limit on residency, operates as a democratic system and utilizes self-support to pay all the household expenses. Sanctioned by Congress, each Oxford House is operated in accord with the Oxford House Manual© and is subject to annual inspections which serve as the functional equivalent of the certification or licensing of community residences required by these Unified Land Development Regulations.

. . .

*Reasonable accommodation request.*   A request pursuant to the ULDR for a case specific modification of the ULDR so that a person with a disability will have an equal opportunity to use and enjoy a dwelling unit.

. . .

*Transitional community residence.* A transitional community residence is a type of community residence that is a temporary living arrangement for more than three unrelated people with disabilities with a limit on length of tenancy that is measured in weeks or months, not years. The residents in a transitional community residence do not typically, but may as conditioned under a reasonable accommodation approval, operate as a single functional family.

CODING: Words, symbols, and letters ~~stricken~~ are deletions; words, symbols, and letters <u>underlined</u> are additions.

C-18-11                                                          001455

ORDINANCE NO. C-18-11                                                    PAGE 31

A transitional community residence may be certified as a recovery residence by the state of Florida's designated credentialing entity established under Section 397.487 of the Florida Statutes, but does not include a community residential home as defined under section 419.001(1)(a), Florida Statutes and licensed by the State of Florida.

SECTION 7.    That if any clause, section or other part of this Ordinance shall be held invalid or unconstitutional by any court of competent jurisdiction, the remainder of this Ordinance shall not be affected thereby, but shall remain in full force and effect.

SECTION 8.    That all ordinances or parts of ordinances in conflict herewith, be and the same are hereby repealed.

SECTION 9.    That this Ordinance shall be in full force and effect ten days from the date of final passage.

PASSED FIRST READING this the 3rd day of April, 2018.
PASSED SECOND READING this the 17th day of April, 2018.

Mayor
DEAN J. TRANTALIS

ATTEST:

City Clerk
JEFFREY A. MODARELLI

CODING: Words, symbols, and letters stricken are deletions; words, symbols, and letters underlined are additions.

C-18-11

001456