UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 19-60007-CIV-ALTMAN/HUNT

SAILBOAT BEND SOBER LIVING,
LLC, et al.,

    Plaintiffs,

v.

CITY OF FORT LAUDERDALE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Motion for Bill of Costs ("Motion"), ECF No. 98. The Honorable Roy K. Altman referred the Motion to the undersigned for a Report and Recommendation. See ECF No. 33; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record and the Motion, the undersigned respectfully RECOMMENDS that Defendant's Motion for Bill of Costs, ECF No. 98, be GRANTED as set forth below.

## BACKGROUND

On April 12, 2019, Sailboat Bend Sober Living, Carl Bergstrom, and Iryna Bergstrom ("Plaintiffs") brought this action against City of Fort Lauderdale. ("Defendant") seeking declaratory and injunctive relief pursuant to the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12131, et seq. ("ADA"). On October 25, 2019, Defendant moved for summary judgment. ECF No. 53. On August 14, 2020, the Court granted Defendant's Motion for Summary Judgment and entered final judgment in favor of Defendant. ECF Nos. 96, 97. Defendant then filed the instant motion seeking

costs as the prevailing party pursuant to 54(d) of the Federal Rules of Civil Procedure. ECF No. 98. In its Motion, Defendant represented that Plaintiffs take no position with respect to the relief requested in the Motion. ECF No. 98. After receiving no response from Plaintiffs, this Court ordered Plaintiffs to respond. ECF No. 102. The Court also warned Plaintiffs that if no response was filed, Defendant's Motion may be granted as unopposed. ECF No. 102. To date, Plaintiffs have not filed any response in opposition.

## DISCUSSION

1. Costs

Defendant seeks to recover $6,297.30 in litigation costs, which result from fees for deposition transcripts obtained for use in the case. Defendant claims that it is entitled to recover costs because the Court granted summary judgment in its favor and dismissed Plaintiffs' claim with prejudice, which makes Defendant the prevailing party.

   A.   Prevailing Party

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorneys' fees. Further, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC*, No. 08-61277-CIV, 2011 WL 845875, at *1 (S.D. Fla. Jan. 19, 2011).

"A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV-BLOOM/VALLE, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017). A material alteration between parties has been found in situations where, "a party has been awarded by the court at least some relief on the merits of his claim or . . . a judicial imprimatur on the change in the legal relationship between

2

the parties.'" *Interim Healthcare Inc. v. Suncoast Loving Care, LLC*, No. 18-60766-CIV-GAYLES/SELTZER, 2018 WL 6620314, at *2 (S.D. Fla. Nov. 28, 2018) (quoting *Smalbein v. Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003)).

Here, the Court granted Defendant's Motion for Summary Judgment and dismissed the case with prejudice. Therefore, the undersigned finds that Defendant is the prevailing party and entitled to costs pursuant Federal Rule of Civil Procedure 54(d).

B. Recoverable Costs

Accordingly, as Defendant is the prevailing party, this Court is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920. *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009). Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant seeks to recover taxable costs of $6,297.30 which consist of fees for deposition transcripts Defendant ordered for use in the case and court reporter fees for the taking of the depositions. "A court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (quoting *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)).

The burden falls on the non-prevailing party to show that the specific deposition costs were either not necessary for use in the case or that the deposition was not related to an issue present in the case. *Id.* (citing *W & O*, 213 F.3d at 621).

Defendant contends that it was reasonably necessary to depose Plaintiffs and obtain the deposition transcripts, as well as transcripts of depositions taken by Plaintiffs, in order to defend the case. Plaintiffs have failed to meet their burden of showing that the depositions costs were not necessary for use in the case because Plaintiffs failed to respond or object to the Motion. Accordingly, based on Defendant's representation and Plaintiffs' failure to contest the specific costs, the undersigned finds that Defendant is entitled to recover its taxable costs associated with deposition transcripts amounting to $6,297.30.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion for Bill of Costs, ECF No. 98, be GRANTED. Defendant should recover taxable costs of $6,297.30.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 22nd day of October 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Roy K. Altman
All Counsel of Records