UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60007-CIV-ALTMAN/Hunt

**SAILBOAT BEND SOBER LIVING, LLC**, *et al.*,

    *Plaintiffs*,

v.

**THE CITY OF FORT LAUDERDALE**,

    *Defendant*.

_____/

## ORDER

The Defendant filed a Motion for Bill of Costs (the "Motion") [ECF No. 98], and the Plaintiffs did not file a response in opposition. *See generally* Docket. The Court referred the Motion to United States Magistrate Judge Patrick M. Hunt, *see* [ECF No. 33], who issued a Report and Recommendation (the "R&R") [ECF No. 104], in which he suggests that the Defendant is entitled—as the prevailing party—to recover taxable costs in the amount of $6,297.30 under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. *See id.* at 4. He also warned the Plaintiffs as follows:

> Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.

*Id.* at 5. Despite this warning, the Plaintiffs have not objected to Magistrate Judge Hunt's R&R.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the record, and the applicable law, and can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 104] is **ACCEPTED and ADOPTED**.
2. The Motion [ECF No. 98] is **GRANTED**. The Defendant is entitled to recover taxable costs in the amount of $6,297.30, for which sum let execution issue.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 8th day of December 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record